NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3273

JOHN T. MILLER,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

———————————————

DECIDED:  December 20, 2005

———————————————

Before NEWMAN, DYK, and PROST, Circuit Judges.

PER CURIAM.

John T. Miller, Ph.D., ("Miller") petitions for review of the final decision by the Merit Systems Protection Board ("MSPB" or "Board") affirming his removal by the Naval Research Laboratory ("NRL" or "agency") based upon his unacceptable performance. Miller v. Dep't of the Navy, No. DC0432030780-I-1 (M.S.P.B. May 18, 2005).  We affirm.

## I.  BACKGROUND

Miller was employed by the agency as an NO-0080-V Supervisory Security Specialist.[1]  In September 2002, Captain Charles Fowler, NRL's Chief Staff Officer, became Miller's first-line supervisor and thereafter issued Miller a notice of

unacceptable performance and established a ninety-day performance improvement period ("PIP") for him. The PIP required Miller to complete seven tasks, but Fowler found that Miller only performed one task satisfactorily and proposed his removal based upon the failure to perform the other six tasks.

The agency then removed Miller from his position effective August 14, 2003, based upon his unacceptable performance of five of the six tasks, electing not to consider one of the tasks. Miller subsequently appealed his removal to the Board. In a February 10, 2004 initial decision, the administrative judge affirmed the agency's decision and denied Miller's petition. Thereafter Miller petitioned the full Board for review, and the initial decision became the final decision of the Board on May 18, 2005, after the full Board denied Miller's petition for review for failure to meet the criteria set forth under 5 C.F.R. § 1201.113. Miller timely sought review in this court.

We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

We must sustain the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995).

---

[1] Miller's NO-0080-V position was the equivalent to a senior GS-15 position.

An employee's performance is unacceptable if the employee fails to meet a single critical element in the established performance standards. 5 U.S.C. § 4301(3) (2000). When reviewing performance-based actions, this court gives "deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards." Rogers v. Dep't of Def. Dependents Sch., 814 F.2d 1549, 1552-53 (Fed Cir. 1987).

### B. Analysis

On appeal, Miller challenges the factual findings of the Board, and argues that the agency's entire system of performance evaluations is illegal because they "impose[] a status of employment at will." In support, Miller first maintains that the Board incorrectly decided certain facts and failed to take into account other facts, namely that:

> The supervisor failed to provide performance feedback during the PIP period, regarding issues ultimately sustained for removal. Therefore the Agency failed to provide a reasonable opportunity to improve and failed to properly supplement vague performance standards. Also, notice of deficiencies was factually inaccurate; deficiencies cited for removal were insufficient to justify it. Findings of the MSPB Decision are contrary to the documented record.

Miller additionally argues that the Board applied the wrong law:

> The MSPB and Agency have disregarded both the prior opinions of the Board itself and the governing decisions of this Court, in regard to the validity of the performance standards, and requirements for administration of a PIP, and other matters. The Agency has not met its burden of proof that the removal was justified by alleged deficiencies, and that I knew or should have known that those deficiencies would constitute an overall rating of unacceptable.

Further, Miller argues that the Board failed to consider important grounds for relief, namely that:

> The combination of vague standards and lack of feedback totally defeats the intended protections of the Merit System, and effectively imposes a

status of employment at will, in violation of law. The deliberate withholding and dissembling of performance feedback during the PIP should invalidate the Agency's case.

Finally, Miller maintains that the Board's decision was wrong because "[p]rior performance should be considered where immediately [sic] prior performance was commended, the level of performance did not change, but application and interpretation of standards changed abruptly and drastically without explanation."

In response, the agency maintains that substantial evidence supports the Board's decision that the agency had established that Miller's performance was unacceptable. In this regard, the agency points out that it is not this court's function to reweigh evidence or redetermine the credibility of witnesses. It maintains that the Board correctly rejected Miller's argument that the standards were vague and that there was a lack of feedback, noting that the ninety-day PIP clearly laid out seven tasks and testimony at the hearing confirmed the existence of clear standards and feedback.

We address each of Miller's arguments in turn. In regards to his factual challenges, the Board found that the agency issued Miller a notice of unacceptable performance, established a ninety-day PIP for Miller that required Miller to complete seven tasks, and based its removal of Miller upon his failure to perform five of those tasks. We conclude that the Board's determinations are supported by substantial evidence, including the testimony of Miller's supervisor, and multiple written descriptions documenting Miller's performance.

Second, Miller provided no support for his contention that the Board applied the wrong law including his argument that the agency did not meet its burden of proof and we can discern nothing from the Board's analysis or conclusion that substantiates his

allegation. Furthermore we note that this court gives deference to the agency's judgment of the employee's performance.

Next, with regard to Miller's argument that the Board failed to consider important grounds for relief, contending that there were "vague standards and lack of feedback," we note that the ninety-day PIP for Miller laid out seven tasks of which the agency found, and the Board affirmed, that Miller failed to complete five. Further, the record reflects that "Captain Fowler directed Dr. Miller to discuss any questions with him and offered to consider any additional assistance that Dr. Miller believed would be helpful. . . . Captain Fowler repeatedly met with Dr. Miller during his PIP." Thus, even though Miller may not have been given specific feedback in regard to all of his tasks during the PIP period, the agency's conduct was sufficient to satisfy its obligation.

Finally, Miller has failed to provide legal or factual support for his contention that his prior performance reviews gave him a "commendable" rating, that these reviews were not considered, and that these reviews should have been considered. We conclude that Miller's arguments do not provide a sufficient basis to overturn the Board's decision, and we therefore affirm.